## J. H. PILLOW *v.* W. M. HELM.

LIEN. *Vendor's equity.  Assignment.*  The vendor's equitable lien on land
does not pass by assignment of the notes given for the purchase
money.  The lien, to be effective, should be reserved in the face of
the deed.

Facts: A married woman owned the land sold in fee, and her husband
joined in the conveyance, she taking the notes payable to herself.
No lien was reserved for the satisfaction of the notes which were
transfered by the wife and husband in satisfaction of a debt of the
husband, who guaranteed the notes, and that the purchaser thereof
should have the benefit of the vendor's lien.

Case cited: Green *v.* Demoss, 10 Hum., 374.

---

### FROM LAUDERDALE.

---

Appeal from the Chancery Court.  JNO. W. HARRIS,
Chancellor.

LYNN & OLDHAM for complainant.

MARLEY & STEELE for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This is a bill for the enforcement of a vendor's
lien, which was dismissed upon demurrer.

The facts, as alleged in the bill, are as follows:
Rebecca Rountree, the wife of W. T. Rountree,
being the owner in fee of a tract of land, joined with
her husband in a sale thereof to W. M. Helm, for
which notes were executed by him, payable to Rebecca

Roundtree, and a deed in fee made by her and her husband to Helm, stating the consideration, but reserving no lien for the satisfaction of the notes. The notes were assigned by endorsement by Rebecca Rountree to complainant Pillow, in payment of a debt due by her husband to Pillow. Her husband joined in the transfer and delivery of the notes, but did not endorse them. He agreed, however, with Pillow, to guarantee the notes, and that he should have the benefit of the vendor's lien. Afterwards Helm executed a trust deed on the land to J. D. Baxter, as trustee, to secure various debts therein specified.

Upon these facts the Chancellor held that the vendor's lien did not pass to complainant Pillow, by reason of the assignment of the notes to him.

In this there was no error. The lien held by Rebecca Rountree was a mere personal equitable right in her as vendor, and was not assignable. This results from the fact that in selling the land she neither retained the legal title nor reserved a lien on the face of the deed: *Green* v. *Demoss*, 10 Hum., 374.

It is insisted, however, that when the notes were transferred to complainant, W. T. Rountree guaranteed their payment by parol, and transferred to complainant, all his and his wife's rights as vendor's of the land; and hence, that W. T. Rountree was bound on the notes, and, consequently, that complainant was entitled to enforce the vendor's lien. But it appears that Rebecca Rountree was the owner of the land, and also the owner of the notes, as indicated by their being taken payable to her; and being a married

Pillow *v.* Helm.

woman she incurred no liability by her contract of endorsement. The equitable right to the vendor's lien was hers, and it is not alleged that she undertook to assign her right. The allegation is, that her husband agreed with complainant to transfer the vendor's lien, but he had no such equitable right. Whether his agreement to guarantee the payment of the notes was binding on him or not, it is not necessary to determine, as it could in no way affect the present question.

It results that complainant took the notes with the personal guaranty of W. T. Rountree for their payment, but he took no assignment of the equitable right of Rebecca Rountree to enforce the vendor's lien. There was, therefore, no error in the decree of the Chancellor in sustaining the demurrer and dismissing the bill.

Decree affirmed, with costs.